G. SAMUEL CLEAVER, State Bar No. 245717
sam@gscleaverlaw.com
LAW OFFICES OF G. SAMUEL CLEAVER
5670 Wilshire Blvd., 18th Floor
Los Angeles, CA 90036
Tel: (213) 568-4088
Fax: (213) 568-4105

KEVIN J. DOLLEY, Missouri State Bar No. 54132, *pro hac vice* pending
kevin@dolleylaw.com
JAMES C. KEANEY, Missouri State Bar No. 67173, *pro hac vice* pending
james.keaney@dolleylaw.com
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144
Tel: (314) 645-4100
Fax: (314) 736-6216

*Attorneys for Plaintiffs*
*Garry Michael Fite and*
*Jeffrey Aiden Grey*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRY MICHAEL FITE, JEFFREY AIDEN GREY, individually and on behalf of those similarly situated, | CASE NO.: |
| Plaintiffs, | |
| v. | **FLSA COLLECTIVE ACTION COMPLAINT** |
| SONENDO, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

COME NOW Plaintiffs Garry Michael Fite ("Fite") and Jeffrey Aiden Grey ("Grey") (collectively, "Plaintiffs"), individually and on behalf of those similarly situated, by and through counsel, and for their Complaint against Defendant Sonendo, Inc. ("Defendant"), state as follows:

## PRELIMINARY STATEMENT

1.     Plaintiffs—former Field Service Engineers employed by Defendant— seek monetary damages, individually and on behalf of those similarly situated, for Defendant's knowing and willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), in misclassifying and failing to pay overtime wages to Plaintiffs and other Field Service Engineers.

## JURISDICTION AND VENUE

2.     The FLSA authorizes causes of action by private parties, individually and collectively, to recover damages for violation(s) of its wage and hour provisions. 29 U.S.C. § 216(b).  This Court has subject matter jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. § 1331.

3.     Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant resides in this District.

## PARTIES

4.     Plaintiff Garry Michael Fite is a citizen of the United States and resident of Chester, Utah.

5.      Defendant employed Fite as a Field Service Engineer from on or around January 2, 2019 to April 3, 2020.

6.      Plaintiff Jeffrey Aiden Grey is a citizen of the United States and resident of Seattle, Washington.

7.      Defendant employed Grey as a Field Service Engineer from on or around December 2017 to April 2019.

8.      Defendant Sonendo, Inc. is a Delaware corporation with its principal place of business located in Laguna Hills, California.  Defendant manufactures, sells, and services an endodontic product or system known as the GentleWave System.

9.      Plaintiffs, along with similarly situated Field Service Engineers, provided on-site maintenance and repair services for the GentleWave System for Defendant's customers when needed across the United States.

10.      Defendant is an "employer" of Plaintiffs and other Field Service Engineers within the meaning of 29 U.S.C. §§ 203 and 207.

**COMMON FACTUAL ALLEGATIONS**

11.      During Plaintiffs' employment as Field Service Engineers, Defendant paid Plaintiffs and other Field Service Engineers on a salary basis and classified them as exempt under the FLSA.

12.      Defendant's Field Service Engineers, including Plaintiffs, had the same work duties, expectations, and procedures.  Their primary job duties were

manual maintenance and repair work.   Plaintiffs maintained or repaired the GentleWave System for Defendant's customers, prepared paperwork thereabout, and responded to calls or requests for service in a manner consistent with Defendant's system requirements and service expectations, which included but were not limited to arriving on-site at a customer's place of business within twenty four (24) hours of Defendant receiving a service request from a customer.

13.   Defendant has employed, on average, six (6) or so Field Service Engineers at any given time over the last three (3) years.  Defendant has employed Field Service Engineers in many states across the country, including in California, Washington, Oregon, Utah, Delaware, Colorado, Texas, Kansas, Illinois, Georgia, and Florida.

14.   Defendant subjects all Field Service Engineers, including Plaintiffs, to the same employment policies and procedures.

15.   Plaintiffs and other Field Service Engineers all reported to the same Field Engineering Manager.

16.   During Plaintiffs' employment, Field Service Engineers reported to Defendant's Field Engineering Manager, Jireh Providencia ("Providencia").

17.   Defendant required Plaintiffs and those similarly situated to constantly travel throughout the United States.  Field Service Engineers, including Plaintiffs, traveled extensively from workplace to workplace throughout their workday as a result of their job duties and employment with Defendant.

18.     Field Service Engineers were expected to work before, during, and after Defendant's scheduled business hours (*i.e.*, Monday through Friday 8:00 am to 5:00pm PT).

19.     Plaintiffs, and those similarly situated, were regularly forced to work in excess of forty (40) hours per week without overtime compensation.  In addition to their primary job duties noted above, Field Service Engineers were regularly required to answer calls and follow any and all instructions from Defendant, make or respond to customer calls, draft or respond to e-mails, prepare weekly reports, handle and request parts (or "trunk stock") as necessary to perform maintenance and repair services, and travel extensively for service calls throughout the United States, during and outside of Defendant's scheduled business hours.

20.     Defendant established a policy and practice of requiring Field Service Engineers, like Plaintiffs, to work in excess of forty (40) hours per week, without overtime compensation, in order to maintain a satisfactory level of job performance with Defendant.

21.     Plaintiffs and other Field Service Engineers were uniformly misclassified by Defendant as exempt from overtime compensation.

22.     Field Service Engineers, including Grey, have complained to Defendant about being misclassified as exempt and not being paid overtime compensation.   In response, Defendant provided insufficient, inaccurate or misleading information regarding the applicability of FLSA exemption(s).

23.     Defendant failed to post or provide notice to its Field Service Engineers of their federal wage and hour rights under the FLSA. 29 C.F.R. § 516.4.

24.     Defendant has instructed Field Service Engineers to not record their hours worked.

25.     Defendant uses ADP for payroll processing services.

26.     Defendant's Field Service Engineers have access to an ADP interface wherein they can see their payroll information.  This interface also allows Field Service Engineers to enter information about their hours worked into the ADP system, which Defendant can see or access.

27.     On at least one occasion, Defendant—through Providencia—explicitly instructed Grey to not enter his hours worked into the ADP system and to delete any hours worked information he had already put into the ADP system. Following their conversation, by the time Grey went to check on the hours worked information that he had previously entered into the ADP system, Providencia had already deleted from the ADP system the hours worked information that Grey had entered.

28.     Defendant has failed to make and maintain accurate records of hours worked each workweek by Field Service Engineers. 29 U.S.C. § 211(c).

## COLLECTIVE ACTION ALLEGATIONS

29.　Plaintiffs are representative of those similarly situated Field Service Engineers employed by Defendant who are current or former employees of Defendant who were required to work in excess of forty (40) hours per week and who did not receive overtime compensation.

30.　Plaintiffs, individually and on behalf of those similarly situated Field Service Engineers, seek relief on a collective basis, challenging, among other FLSA violations, Defendant's uniform misclassification of Field Service Engineers as exempt employees, Defendant's policy and/or practice of failing to make and maintain accurate records of their hours worked, and Defendant's failure to pay them for all overtime hours worked.

31.　Plaintiffs and other Field Service Engineers have together been the victim of these common policies or plans of Defendant that violate the FLSA.

32.　Plaintiffs bring this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a Consent to Join form with the Court.  Plaintiffs' Consent to Join Forms are attached as Exhibit 1 and Exhibit 2.

33.　Given Defendant's knowing and willful violations described herein, including but not limited to failing to inform and/or misinforming Field Service Engineers regarding their FLSA rights, the applicable statute of limitations should be equitably tolled for other Field Service Engineers who opt into this action, as of the date Plaintiffs file their Motion for Conditional Certification.

## <u>COUNT I</u>

**FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA**

34.     Plaintiffs incorporate by reference the above-stated paragraphs as if set forth fully hereunder.

35.     Plaintiffs and other Field Service Engineers of Defendant are entitled to the rights, protections and benefits provided under the FLSA.

36.     The FLSA requires employers to pay non-exempt employees one and one-half times the regular rate of pay at which they are employed for all hours worked over forty (40) hours per workweek. 29 U.S.C. § 207.

37.     The FLSA also requires employers to make and maintain accurate records of hours worked each workweek, and to post or provide notice of employee rights under the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516.4.

38.     Defendant's actions, policies and/or practices violated the FLSA's requirements by failing to compensate Plaintiffs and other Field Service Engineers for time spent on work activities as described in this Complaint.  Defendant further violated the FLSA by failing to make and maintain accurate records of hours worked by Field Service Engineers and to post or provide notice to Field Service Engineers of their federal wage and hour rights under the FLSA.

39.     During their employment with Defendant, Plaintiffs and other Field Service Engineers were not paid overtime for hours worked in excess of forty (40) hours per workweek.

40.     Defendant knew or should have known that Plaintiffs and other Field Service Engineers were non-exempt employees entitled to overtime compensation. Defendant had knowledge of and information on the job duties and expectations for Field Service Engineers, their hours worked exceeding forty (40) per workweek, and their complaint(s) of not being paid overtime compensation for such hours.

41.     Defendant knowingly and willfully violated the FLSA by failing to pay overtime compensation to Plaintiffs and other Field Service Engineers, by failing to make and maintain accurate records of their hours worked, and by failing to post or provide notice of their federal wage and hours rights under the FLSA.

42.     Defendant has deliberately sought to conceal these violations rather than remedy them and has refused to fully remedy and correct the issues when brought to Defendant's attention for out-of-court resolution.

43.     As a result of Defendant's knowing and willful violations of the FLSA, overtime compensation has been unlawfully withheld from Plaintiffs and other Field Service Engineers.  Accordingly, Defendant is liable under the FLSA for unpaid overtime, as well as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE Plaintiffs seek relief and judgment against Defendant, individually and on behalf of those similarly situated, as follows: (1) judgment against Defendant for violation of the overtime and recordkeeping provisions of

the FLSA; (2) an award of unpaid overtime wages; (3) finding Defendant's violations were willful; (4) an award of liquidated damages against Defendant; (5) pre- and post-judgment interest as provided by law; (6) an award of reasonable attorneys' fees and costs incurred; and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury on all issues in this case so triable.

DATED:      April 29, 2020

_____
G. Samuel Cleaver, State Bar No. 245717
Law Offices of G. Samuel Cleaver
5670 Wilshire Blvd., 18th Floor
Tel: (213) 568-4088
Fax: (213) 568-4105
sam@gscleaverlaw.com

Kevin J. Dolley (*pro hac vice* pending)
James C. Keaney (*pro hac vice* pending)
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144
(314) 645-4100 (office)
(314) 736-6216 (fax)
kevin@dolleylaw.com
james.keaney@dolleylaw.com

*Attorneys for Plaintiffs*