G. SAMUEL CLEAVER, State Bar No. 245717
sam@gscleaverlaw.com
LAW OFFICES OF G. SAMUEL CLEAVER
5670 Wilshire Blvd., 18th Floor
Los Angeles, CA 90036
Tel: (213) 568-4088
Fax: (213) 568-4105

KEVIN J. DOLLEY, Missouri State Bar No. 54132, *pro hac vice*
kevin@dolleylaw.com
JAMES C. KEANEY, Missouri State Bar No. 67173, *pro hac vice*
james.keaney@dolleylaw.com
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144
Tel: (314) 645-4100
Fax: (314) 736-6216

*Attorneys for Plaintiffs*
*Garry Michael Fite and*
*Jeffrey Aiden Grey*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRY MICHAEL FITE, *et al.*, individually and on behalf of those similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>SONENDO, INC.,<br><br>        Defendant. | CASE NO.: 8:20-cv-0833-DOC-ADS<br><br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION UNDER THE FLSA**<br><br><br>Hearing Date:<br><br>August 3, 2020 at 8:30 AM |

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................3

INTRODUCTION ...............................................................................................6

FACTUAL BACKGROUND...................................................................................6

LEGAL STANDARD..........................................................................................11

ARGUMENT....................................................................................................11

    I.     The Court Should Conditionally Certify The Proposed Class Because Field Service Engineers Were Uniformly Misclassified As Exempt And Had The Same Job Duties And Expectations ..........12

    II.    The Court Should Approve The Form and Method Of Plaintiffs' Proposed Notice Because It Is Fair, Accurate, Informative, and Timely ...........................................................................................15

    III.   The Court Should Equitably Toll The Statute Of Limitations For Potential Opt-In Plaintiffs Because Plaintiffs Present Substantial Allegations and Evidence Defendant Sought To Conceal Its FLSA Violations And To Misinform Field Service Engineers About Their FLSA Rights....................................19

CONCLUSION..................................................................................................21

PROOF OF SERVICE.........................................................................................23

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Inter-Con Sec. Sys., Inc.*,

    242 F.R.D. 530 (N.D. Cal. 2007) ...................................................... 15-17, 20

*Ambrosia v. Cogent Comm., Inc.*,

    312 F.R.D. 544 (N.D. Cal. 2016) ...........................................................13, 17

*Calvillo v. Bull Rogers, Inc.*,

    267 F. Supp. 3d 1307 (D.N.M. 2017)............................................................17

*Davenport v. Charter Comm., LLC*,

    No. 4:12-cv-0007, 2014 WL 2993739 (E.D. Mo. July 3, 2014)............. 19-20

*Firstcom, Inc. v. Qwest Corp.*,

    555 F.3d 669 (8th Cir. 2009) .......................................................................19

*Gerlach v. Wells Fargo & Co.*,

    No. C 05-0585 CW, 2006 WL 824652 (N.D. Cal. Mar. 28, 2006)..............17

*Godhigh v. Savers, LLC*,

    No. 16-cv-02874, 2016 WL 7406659 (N.D. Cal. Dec. 22, 2016)................13

*Harger v. Fairway Mgmt., Inc.*,

    No. 2:15-cv-04232, 2016 WL 3200282 (W.D. Mo. June 8, 2016)..............18

*Helton v. Factor 5, Inc.*,

    No. C 10-04927, 2012 WL 2428219 (N.D. Cal. June 26, 2012) .................18

*Hoffman-La Roche, Inc. v. Sperling*,

    493 U.S. 165 (1989) .......................................................................... 15-16, 18

*Jenkins v. Mabus*,

    646 F.3d 1023 (8th Cir. 2011) ....................................................................19

*Kesley v. Entertainment U.S.A., Inc.*,

    67 F. Supp. 3d 1061 (D. Ariz. 2014) ..........................................................18

*Kress v. PricewaterhouseCoopers, LLP*,

    263 F.R.D. 623 (E.D. Cal. 2009) .......................................................... 11-15

*Landry v. Swire Oilfield Servs., LLC*,

    252 F. Supp. 3d 1079 (D.N.M. 2017) .........................................................13

*Lewis v. Wells Fargo & Co.*,

    669 F. Supp. 1124 (N.D. Cal. 2009) ...........................................................15

*Misra v. Decision One Mortg. Co., LLC*,

    673 F. Supp. 2d 987 (C.D. Cal. 2008) .................................... 11, 14-15, 17, 20

*Owens v. Bethlehem Mines Corp.*,

    630 F. Supp. 309 (S.D.W. Va. 1986) .........................................................20

*Pippins v. KPMG LLP*,

    No. 11 Civ. 0377, 2012 WL 19379 (S.D.N.Y. Jan. 3, 2012) .......................17

*Romero v. Producers Dairy Foods, Inc.*,

    235 F.R.D. 474 (E.D. Cal. 2006) ...............................................................17

*Scales v. Information Strategy Design Inc.*,

    356 F. Supp. 3d 881 (D. Ariz. 2018) ............................................................ 13

*Turner v. Chipotle Mexican Grill, Inc.*,

    123 F. Supp. 3d 1300 (D. Colo. 2015) ......................................................... 20

*Woods v. Vector Marketing Corp.*,

    No. C-14-0264, 2015 WL 1198593 (N.D. Cal. Mar. 16, 2015) ................... 18

**Statutes**

29 U.S.C. § 207 ................................................................................................ 12

29 U.S.C. § 213 ................................................................................................ 12

29 U.S.C. § 216(b) ........................................................................................... 11

29 U.S.C. § 256(b) ........................................................................................... 19

**INTRODUCTION**

Plaintiffs—former Field Service Engineers employed by Defendant—respectfully request the Court conditionally certify a group of current and former Field Service Engineers employed by Defendant within the last three years. Defendant classified all Field Service Engineers as exempt from the FLSA. Plaintiffs uniformly challenge the legality of that classification. Defendant's Field Service Engineers had the same job duties and expectations, job title, and manager. All of them worked on the same product manufactured and sold by Defendant and were subject to the same employment policies and procedures. Conditional certification is appropriate.

**FACTUAL BACKGROUND**

Defendant Sonendo, Inc. ("Defendant") formerly employed Plaintiffs as Field Service Engineers. Exhibit 1 – Declaration of Garry Michael Fite, ¶ 2; Exhibit 2 – Declaration of Jeffrey Aiden Grey, ¶ 2. Defendant manufactures, sells, and services a dental device used for root canals, known as the GentleWave System. Ex. 1, ¶ 3; Ex. 2, ¶ 3. Plaintiffs, like other Field Service Engineers, provided on-site maintenance and repair services for Defendant's customers when needed across the United States. Ex. 1, ¶ 4; Ex. 2, ¶ 4. Defendant paid Plaintiffs and other Field Service Engineers a salary and classified them as exempt under the Fair Labor Standards Act ("FLSA"). Ex. 1, ¶ 14; Ex. 2, ¶ 14.

Defendant's Field Service Engineers, including Plaintiffs, had the same work duties, expectations, and procedures. Ex. 1, ¶¶ 4-15; Ex. 2, ¶¶ 4-15.  Their primary job duties were manual maintenance and repair work. Ex. 1, ¶ 5; Ex. 2, ¶ 5.  Plaintiffs maintained or repaired the GentleWave System for Defendant's customers, prepared paperwork thereabout, and responded to calls or requests for service in a manner consistent with Defendant's system requirements and service expectations, which included arriving on-site at a customer's place of business within twenty four (24) hours of Defendant receiving a service request from a customer. Ex. 1, ¶ 5; Ex. 2, ¶ 5.

Defendant expected Field Service Engineers to work before, during and after Defendant's scheduled business hours (*i.e.*, Monday through Friday 8:00 am to 5:00pm PT). Ex. 1, ¶¶ 5-7; Ex. 2, ¶¶ 5-7.  Defendant required Field Service Engineers to constantly travel throughout the United States. Ex. 1, ¶¶ 5-7; Ex. 2, ¶¶ 5-7.  Field Service Engineers were regularly required to answer calls and follow any and all instructions from Defendant, make or respond to customer calls, draft or respond to e-mails, prepare weekly reports, handle and request parts (or "trunk stock") as necessary to perform maintenance and repair services, and travel extensively for service calls throughout the United States, during and outside of Defendant's scheduled business hours. Ex. 1, ¶¶ 5-7; Ex. 2, ¶¶ 5-7.

Defendant subjects all Field Service Engineers, including Plaintiffs, to the same employment policies and procedures. Ex. 1, ¶¶ 4-15; Ex. 2, ¶¶ 4-15.

Plaintiffs and other Field Service Engineers all reported to the same Field Engineering Manager. Ex. 1, ¶ 12; Ex. 2, ¶ 12.  During Plaintiffs' employment, Field Service Engineers reported to Defendant's Field Engineering Manager, Jireh Providencia ("Providencia"). Ex. 1, ¶ 12; Ex. 2, ¶ 12.  Defendant has employed, on average, six (6) or so Field Service Engineers at any given time over the last three (3) years. Ex. 1, ¶ 11; Ex. 2, ¶ 11.   Defendant has employed Field Service Engineers in many states across the country, including in California, Washington, Oregon, Utah, Delaware, Colorado, Texas, Kansas, Illinois, Georgia, and Florida. Ex. 1, ¶ 11; Ex. 2, ¶ 11.

Plaintiffs, like other Field Service Engineers, were regularly forced to work in excess of forty (40) hours per week without overtime compensation. Ex. 1, ¶ 8; Ex. 2, ¶ 8.  Defendant established a policy and practice of requiring Field Service Engineers, like Plaintiffs, to work in excess of forty (40) hours per week, without overtime compensation, in order to maintain a satisfactory level of job performance with Defendant. Ex. 1, ¶¶ 4-13; Ex. 2, ¶¶ 4-13.

Field Service Engineers, including Grey, have complained to Defendant about being misclassified as exempt and not being paid overtime compensation. Ex. 2, ¶¶ 21-22.   In response, Defendant provided insufficient, inaccurate or misleading information regarding the applicability of FLSA exemption(s). Ex. 2, ¶¶ 21-22.  Defendant does not make or maintain, and does not provide instruction to Field Service Engineers to make or maintain, record of hours worked each

8

workweek by Field Service Engineers. *See* Ex. 2, ¶¶ 16-20.  In fact, Defendant has instructed Field Service Engineers, like Grey, to not record their hours worked. Ex. 2, ¶¶ 16-20.

Defendant uses ADP for payroll processing services. Ex. 2, ¶ 17.  Field Service Engineers have access to an ADP interface wherein they can see their payroll information. Ex. 2, ¶ 18.  This interface also allows Field Service Engineers to enter information about their hours worked into the ADP system, which Defendant can see or access. Ex. 2, ¶ 18.  On at least one occasion, Defendant— through Providencia—explicitly instructed Grey to not enter his hours worked into the ADP system and to delete any hours worked information he had already put into the ADP system. Ex. 2, ¶ 20.  Following their conversation, by the time Grey went to check on the hours worked information that he had previously entered into the ADP system, Providencia had already deleted from the ADP system the hours worked information that Grey had entered. Ex. 2, ¶ 20.

Grey complained in writing to Defendant on several occasions regarding his work hours, lack of overtime pay, and being misclassified as exempt under the FLSA. Ex. 2, ¶ 21.  Grey provided Defendant, among other things, Opinion Letters from the United States Department of Labor that concluded field service engineers, like Grey, were not exempt from the overtime requirements of the FLSA. Ex. 2, ¶ 21.  Grey subsequently attempted to reach an out-of-court resolution with Defendant before filing the instant lawsuit. Ex. 2, ¶ 21.  In response to Grey's

complaints and efforts to resolve this overtime issue, Defendant provided insufficient, inaccurate, or misleading information about actual work duties and tasks of Field Service Engineers in order to claim they were exempt. Ex. 2, ¶ 21.

**LEGAL STANDARD**

To conditionally certify an FLSA collective action, the Court must determine if the proposed class is "similarly situated" to the lead plaintiffs. 29 U.S.C. § 216(b); *Misra v. Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987, 992 (C.D. Cal. 2008) (noting "[a] majority of courts have adopted a two-step approach for determining whether a class is 'similarly situated'").

The court applies a lenient standard and typically grants conditional class certification. *See Misra*, 673 F. Supp. 2d at 993. A plaintiff need only make "a modest factual showing" based on the pleadings and limited evidence "to demonstrate that [he] and potential plaintiffs together were the victims of a common policy or plan that violated the law." *Id.*; *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 629-31 (E.D. Cal. 2009) (granting conditional certification based on uniform classification decision and some evidence of similar job duties).

**ARGUMENT**

Plaintiffs easily satisfy all requirements for FLSA conditional certification. Defendant uniformly classified Field Service Engineers, including Plaintiffs, as FLSA exempt and paid them substantially similar salaries. Plaintiffs have the same job duties and expectations as all other Field Service Engineers. All Field Service Engineers perform the same type of work on the same product / system manufactured by Defendant. Defendant subjects all Field Service Engineers to the

same employment policies, practices, and procedures.  All Field Service Engineers reported to and received work-related direction from the same manager.

Accordingly, Plaintiffs respectfully request the Court conditionally certify the following class of individuals for purposes of notice in this action:

> All current and former Field Service Engineers employed by Defendant from April 30, 2017 to present who were classified by Defendant Sonendo, Inc. as "exempt" under the FLSA.

Plaintiffs further request the Court enter an order approving Plaintiffs' proposed Notice forms, directing dissemination of notice to the proposed class, and equitably tolling the statute of limitations on putative opt-in plaintiffs' claims.

## I.   The Court Should Conditionally Certify The Proposed Class Because Field Service Engineers Were Uniformly Misclassified As Exempt And Had The Same Job Duties And Expectations.

The FLSA requires employers to pay non-exempt employees one and one-half times the regular rate of pay at which they are employed for all hours worked over forty (40) hours per workweek. 29 U.S.C. § 207.  However, an employer need not pay overtime to employees properly classified as exempt. *See* 29 U.S.C. § 213. An employee's actual job duties determines the applicability of an exemption. *Kress*, 263 F.R.D. at 630.

Courts often conditionally certify FLSA collective actions based on an allegation of misclassification as the common policy or plan that violates the FLSA. *See Scales v. Information Strategy Design Inc.*, 356 F. Supp. 3d 881, 887

(D. Ariz. 2018) (citing cases).  It is well-settled that the ultimate need to examine facts about job duties to determine the applicability of exemptions does not alone preclude conditional certification. *Kress*, 263 F.R.D. at 630; *Godhigh v. Savers, LLC*, No. 16-cv-02874, 2016 WL 7406659, at *3-4 (N.D. Cal. Dec. 22, 2016) (noting, if the opposite were true, "no misclassification case could be certified under [the] FLSA").

Conditional certification is warranted where plaintiffs allege individuals in the proposed class had similar job duties and were uniformly misclassified as exempt. *Kress*, 263 F.R.D. at 629-31; *Ambrosia v. Cogent Comm., Inc.*, 312 F.R.D. 544, 550-51 (N.D. Cal. 2016) (granting conditional certification where defendant uniformly classified proposed class members as exempt and plaintiffs alleged class "share[d] same core job duties"); *Landry v. Swire Oilfield Servs., LLC*, 252 F. Supp. 3d 1079, 1116-20 (D.N.M. 2017) ("if proposed class members are 'employees with similar positions,' courts hold that 'allegations that the defendants 'engaged in a pattern or practice of not paying overtime [are] sufficient'" at conditional certification).

In *Kress*, the Eastern District granted conditional certification even where the plaintiffs and proposed class members spanned two different job titles (*i.e.*, "associates" and "senior associates") across three different divisions within the defendant company (*i.e.*, assurance, advisory, and tax), each of which had its own subdivisions. *Id*. at 625-27, 631.  The *Kress* plaintiffs primarily relied on some

evidence of uniform training, standards, and methodologies within the company. *Id*. at 630-31. The defendant argued this evidence did not address "salient differences between class members' duties, as well as differences between the week-to-week work of individual class members." *See id*. at 631. The Court noted that, while these differences may ultimately present "a contested and difficult question" on the applicability of exemptions, they did not suffice to deny conditional certification and notice to the class. *See id*.

This District has affirmed the same principle in granting conditional certification. *See, e.g.*, *Misra*, 673 F. Supp. 2d at 990-98. In *Misra*, the plaintiffs sought conditional certification of several different job titles classified as exempt across many different branches of the defendant company. *Id*. at 995-98. The defendant "set forth pages of arguments" regarding geographic, organizational, and process-based differences among the proposed class and their work. *Id*. at 996. The Court, however, emphasized: "[a]t the notice stage, [p]laintiffs need not show that their positions were identical to the putative class members' positions." *Id*. Noting the defendant did not dispute the uniform "exempt" classification of the proposed class, the Court quoted an apposite principle from another case:

> It is somewhat disingenuous, then, for Defendants to argue that they should be permitted to treat all sales representatives as one group for purposes of classifying them as exempt, but that this Court can only determine the validity of that classification by looking to the specific job duties of each individual sales representative.

*Id*. (internal citation omitted). The Court rejected the defendant's argument and

granted conditional certification of the proposed class. *Id*.

Here, unlike *Kress*, there is no "difficult question" whether Plaintiffs performed the same job duties as other Field Service Engineers.  Unlike *Kress* or *Misra*, the proposed class—Field Service Engineers—not only had the same basic job title and performed the same job duties as Plaintiffs, they were uniformly classified as exempt, had the same manager, worked on the same product / system, and were subject to the same employment policies, practices and procedures.  A simple comparison to *Kress*, *Misra* and many other cases makes clear Plaintiffs easily meet the requirements for conditional certification. *See also Lewis v. Wells Fargo & Co.*, 669 F. Supp. 1124, 1128 (N.D. Cal. 2009) ("Courts routinely grant conditional certification of multiple-job-title classes").

## II.     The Court Should Approve The Form and Method Of Plaintiffs' Proposed Notice Because It Is Fair, Accurate, Informative, and Timely.

The FLSA requires the court to provide the proposed class "accurate and timely notice concerning the pendency of the collective action, so that [proposed class members] can make informed decisions about whether to participate." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 539 (N.D. Cal. 2007) (quoting *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).  The Court reviews the notice only to ensure it is "timely, accurate, and informative." *See Hoffman-La Roche*, 493 U.S. at 172.

Plaintiffs' proposed Notice forms—Exhibits 3 and 4—are fair, accurate,

informative and timely.  The Notice plainly describes the issues and allegations in the lawsuit and includes statements that Defendant denies the allegations.  It contains a bolded statement on the front page that the Court has not ruled on the merits of the lawsuit.  It describes, in non-argumentative terms, the options and rights of putative class members to join the action and the effects of doing so.  It specifies, in clear terms, the deadlines and procedures applicable to these options.  In short, Plaintiffs' proposed Notice is fair, accurate, informative, and timely.

The Court should approve sending Plaintiffs' proposed Notice forms to Field Service Engineers employed by Defendant within the three (3) years preceding the date the Complaint was filed because Plaintiffs have come forward with substantial allegations and evidence that Defendant willfully violated the FLSA. *See Adams*, 242 F.R.D. at 542.  In *Adams*, the defendant argued for a two-year time period, claiming "plaintiffs have provided no evidence that the violations arose out of willful behavior." *Id*.  However, plaintiffs came forward with allegations and declarations stating defendant's supervisors instructed them to not record their hours worked. *Id*.  As a result, the court ordered a three-year period. *Id*.

Here, the same facts, reasoning, and conclusion apply.  Plaintiffs have not only alleged several knowing and willful violations of the FLSA, they have also supported said allegations with declarations that show Defendant's supervisor over Field Service Engineers—Jireh Providencia ("Providencia")—instructed them to not record their hours worked and, on at least one occasion, caused the destruction

of hours worked information entered by Grey into Defendant's payroll system. The allegations and evidence here give rise to a reasonable inference of willfulness and, as in *Adams*, warrant a three-year period.[1]

The proposed notice period of seventy five (75) days from the date notice is originally disseminated is reasonable and consistent with notice periods authorized by other California district courts. *See, e.g.*, *Adams*, 242 F.R.D. at 542 (setting 90-day notice period); *Ambrosia*, 312 F.R.D. at 559 (noting proposed 90-day notice period was reasonable); *Gerlach v. Wells Fargo & Co.*, No. C 05-0585 CW, 2006 WL 824652, at *4 (N.D. Cal. Mar. 28, 2006) (setting 75-day notice period). The Court should also approve notice to be sent via U.S. Mail and electronic mail. *See, e.g.*, *Calvillo v. Bull Rogers, Inc.*, 267 F. Supp. 3d 1307, 1315 (D.N.M. 2017) ("Courts have recognized that notice by email and text is reasonable in today's mobile society and that these methods of communication may offer a more reliable means of reaching an individual even if that individual is away from home or has moved"); *Pippins v. KPMG LLP*, No. 11 Civ. 0377, 2012 WL 19379, at *14 (S.D.N.Y. Jan. 3, 2012) (concluding, "given the reality of communications today, that the provision of email addresses and email notice in addition to notice by first class mail is entirely appropriate").

---

[1] *See also Misra*, 673 F. Supp. 2d at 998 (setting three-year notice period based on willfulness allegations); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 484 (E.D. Cal. 2006) (ordering three-year period based on willfulness allegations alone, even when "[a]t this stage, it [was] unclear what evidence Plaintiffs could conceivably submit to establish that Defendants acted willfully").

Further, the Court should authorize reminder notice via e-mail to the proposed class forty (40) days after the date notice was originally issued. *See, e.g.*, *Woods v. Vector Marketing Corp.*, No. C-14-0264, 2015 WL 1198593, at *7 (N.D. Cal. Mar. 16, 2015) (allowing, *inter alia*, use of email or postcard reminder notice); *Kesley v. Entertainment U.S.A., Inc.*, 67 F. Supp. 3d 1061, 1073 (D. Ariz. 2014) (allowing reminder notice); *Helton v. Factor 5, Inc.*, No. C 10-04927, 2012 WL 2428219, at *7 (N.D. Cal. June 26, 2012) (allowing reminder notice); *see also Harger v. Fairway Mgmt., Inc.*, No. 2:15-cv-04232, 2016 WL 3200282, at *4 (W.D. Mo. June 8, 2016) (allowing email reminder notice).

The Court should order Defendant to produce a complete class list within fourteen (14) days of its Order. *See Hoffman-La Roche*, 493 U.S. at 169-74 (affirming district court order for defendant to produce contact information for proposed class members). This list should be in electronic and importable format (such as an Excel file) and include: (1) full name(s); (2) job title(s); (3) last known mailing address(es) and telephone number(s); (4) last known email address(es); (5) dates of employment; and (6) the last four digits of Social Security Number(s).[2]

---

[2] The last four digits of Social Security Numbers will assist in obtaining current contact information for proposed class members where, for example, notice via U.S. Mail is returned as undeliverable.

**III.   The Court Should Equitably Toll The Statute Of Limitations For Potential Opt-In Plaintiffs Because Plaintiffs Present Substantial Allegations and Evidence Defendant Sought To Conceal Its FLSA Violations And To Misinform Field Service Engineers About Their FLSA Rights.**

Under the FLSA, individual plaintiffs in a collective action must file a valid consent to join form within the applicable statute of limitations. 29 U.S.C. § 256(b).  In the case of a collective action, if a party's name does not appear on the complaint, the action commences with respect to that party when he or she files a written consent to become a part of the collective action. *See id.*  As a result, the statute of limitations continues to run until a putative class member elects to join the suit. *Id.*

"The doctrine of equitable tolling permits a plaintiff to sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances." *Firstcom, Inc. v. Qwest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009); *Davenport v. Charter Comm., LLC*, No. 4:12-cv-0007, 2014 WL 2993739, at *4 (E.D. Mo. July 3, 2014).  While the Eighth Circuit has cautioned courts to allow equitable tolling only in "extraordinary circumstances," it has noted that circumstances "truly beyond the plaintiff's control" qualify as "exceptional." *Davenport*, 2014 WL 2993739, at *4 (citing *Jenkins v. Mabus*, 646 F.3d 1023, 1028-29 (8th Cir. 2011)).

Courts in the Ninth Circuit have equitably tolled the statute of limitations in FLSA collective actions where diligent plaintiffs were unable to join an action through no fault of their own. *See, e.g.*, *Adams*, 242 F.R.D. at 542-43 (tolling statute of limitations until defendant provides plaintiffs contact information of proposed class); *Misra*, 673 F. Supp. 2d at 998-99 (tolling statute of limitations until defendant produced class list and court approved notice, where defendant had been "less than forthcoming" with documents and information related to the case).

Similarly, courts have equitably tolled the statute of limitations in situations involving judicial delay. *See, e.g.*, *Davenport*, 2014 WL 2993739, at *4 (noting "district courts in several jurisdictions…have held that delays of varying lengths between the filing of a motion for conditional certification and a court's ruling on that motion constitute 'exceptional circumstances' that warrant the equitably tolling of the FLSA claims" and collecting cases); *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309, 312-13 (S.D.W. Va. 1986).

Ultimately, the inquiry on equitably tolling should focus on fairness to both parties. *See Adams*, 242 F.R.D. at 543 (noting "the Supreme Court suggests that equitable tolling is properly applied to cases involving either defendants inducing delayed filings or faultless plaintiffs"); *Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp. 3d 1300, 1309-10 (D. Colo. 2015) (granting equitable tolling so that "Plaintiff's allegations rise or fall on their merits, rather than as a result of procedural maneuvering, piecemeal litigation, or attrition").

Here, equitable tolling is appropriate because Plaintiffs have come forward with substantial allegations and evidence that Defendant deliberately sought to conceal its FLSA violations and to misinform Plaintiffs of their FLSA rights when Plaintiffs complained about the wage and hour policies and practices at issue in this lawsuit and sought to resolve their complaints out-of-court. Plaintiffs have been diligent in asserting their rights. Defendant has done little to nothing more than obfuscate and delay about known issues with its pay practices. Plaintiffs and other Field Service Engineers—through no fault of their own—have been prejudiced by Defendant's conduct and delay. Tolling is not unfair to Defendant under the circumstances. Equitable tolling is warranted.

## CONCLUSION

WHEREFORE Plaintiffs Garry Michael Fite and Jeffrey Aiden Grey respectfully request this Court enter an Order:

(1)    Granting Plaintiffs' Motion for Conditional Certification;

(2)    Approving the form and method of notice as proposed by Plaintiffs;

(3)    Ordering Defendant to produce to Plaintiffs' counsel, within fourteen (14) days of the Court's Order, a complete class list in readable electronic format that includes: (i) full name(s); (ii) job title(s); (iii) last known mailing address(es) and telephone number(s); (iv) last known email address(es); (v) dates of employment; and (vi) the last four digits of Social Security Number(s);

(4)     Directing dissemination of notice as proposed by Plaintiffs;

(5)     Equitably tolling the statute of limitations for potential opt-in plaintiffs between the date of the Complaint and the date Plaintiffs' originally disseminate notice; and

(6)     Providing such other and further relief as the Court deems just and proper under the circumstances.

DATED:     June 25, 2020

*/s/ Kevin J. Dolley*
G. Samuel Cleaver, State Bar No. 245717
Law Offices of G. Samuel Cleaver
5670 Wilshire Blvd., 18th Floor
Tel: (213) 568-4088
Fax: (213) 568-4105
sam@gscleaverlaw.com

Kevin J. Dolley (*Pro Hac Vice*)
James C. Keaney (*Pro Hac Vice*)
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144
(314) 645-4100 (office)
(314) 736-6216 (fax)
kevin@dolleylaw.com
james.keaney@dolleylaw.com

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

This is to certify that Plaintiffs' Memorandum of Law in Support of Motion for Conditional Certification Under the FLSA and its accompanying exhibits were served upon counsel of record through the Court's ECF system on June 25, 2020.


*/s/ Kevin J. Dolley* _____